# SUPREME COURT.

In the matter of the Petition of Samuel D. Babcock, to vacate assessments for regulating Duane street, &c.

*Public officers,* whose official acts and proceedings are called in question, are entitled to the presumption that they honestly discharge their duties; and to adopt any other conclusion the court should be furnished with evidence of *fraud* sufficient to exclude the supposition of *mistake.*

Under the law of 1858, providing for the vacating an assessment, &c., the "legal irregularity" mentioned in that act applies to any legal irregularity in regard to the indebtedness for which the assessment was laid, including all proceedings previous to the laying of the assessment, and to any irregularity in the proceedings for its collection.

In these cases it is necessary for the petitioner to make out *affirmatively* the irregularity of the proceedings, not to throw upon the city the necessity of proving its proceedings regular before they are impeached.

In the Matter of the Petition of Samuel D. Babcock.

*New York Special Term, February,* 1862.

AN application was made to the court, under chapter 338 of Laws of 1858, to vacate an assessment. The facts appear from the opinion.

A. F. SMITH, *for the application.*
HENRY H. ANDERSON, *for the corporation, in opposition.*

INGRAHAM, Justice. So far as any fraud is alleged in the petition in this case, it is sufficient to say that there is no proof submitted to me from which such fraud can be inferred. All the evidence is of a documentary character, and the alleged errors may just as well be supposed to be mistakes honestly made as the result of intentional fraud.

In cases of this kind, public officers are entitled to the presumption that they honestly discharge their duties ; and to adopt any other conclusion, the court should be furnished with evidence of fraud sufficient to exclude the supposition of mistake.

The other question is, whether the errors complained of come within the term of illegal irregularity in the proceedings relative to the assessment, or in the proceedings to collect the same.

In the case of *Keyser* agt. *The Mayor, &c.,* it was held that the legal irregularity meant by the statute was a deviation from, or want of compliance with, the forms of proceeding required by law to be taken in making the assessment or in collecting it. This construction appears to me to be more limited than is warranted by the words of the act. The statute says, " in the proceedings relative to any assessment," or in the proceedings to collect the same.

The proceedings relative to an assessment, I understand to mean the proceedings taken previous to the laying of the assessment. The proceedings to collect the same, I understand to be the distribution of the amount upon the various parties assessed, for the purpose of collection, and

the collection thereof. The former would extend to any legal irregularity in regard to the indebtedness for which the assessment was laid ; the latter, to any irregularity in the proceedings for its collection.

It has heretofore been held that an ordinance for the work, passed in a manner not authorized by law, was such an irregularity as is stated in the first branch of the statute ; so also would be misconduct of the city authorities in making up the amounts to be assessed. (17 *How.*, 459 ; 18 *id.*, 460 ; 19 *id.*, 317.)

The alleged irregularities in the present case are :

1. That a greater amount was charged on the property than the ordinance warranted. This may have been a mistake, and if brought before the proper officers before confirmation, might have been corrected or explained. It is not such an error as has been considered sufficient to vacate the assessment without proof of fraudulent intent.

2. The second objection is, that the amount assessed was larger than the amount certified to by the surveyor.

Whether that is so or not does not satisfactorily appear from these papers. But as stated in regard to the first ground of objection, it should be shown that it was not a mistake that would have been remedied if properly brought to the notice of the public authorities.

3. The next objection is, that the allowance for an inspector is illegal, as the ordinance did not authorize his appointment. There is no evidence in the case to show that the charge for inspection was illegal.

It does not necessarily follow that the charge was illegal because it was not authorized by the first ordinance. It may have been subsequently authorized by ordinance or resolution. It is necessary for the petitioner to make out affirmatively the irregularity of the proceedings, not to throw upon the city the necessity of proving its proceedings regular before they are impeached.

The above remarks apply to the objections stated as to the paving of sidewalks.

I am of the opinion that there is no evidence of fraud, and that the objections stated in the papers are not legal irregularities, within the meaning of the statute, for which the assessment may be vacated.

The application is denied.